UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| SHARON POTTER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 19-072-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ANDREW SAUL, Commissioner of | ) | **MEMORANDUM OPINION** |
| Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant Andrew Saul, Commissioner of Social Security (the "Commissioner"), has filed a motion to dismiss Plaintiff Sharon Potter's Complaint which alleges various claims arising out of the denial of her application for disability and disability insurance benefits. [Record No. 14] The Commissioner argues that the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because it was not filed within the applicable limitations period. [Record Nos. 14 and 18] Potter contends, however, that the applicable limitations period was tolled by a prior putative class action suit. [Record No. 17] The Court has reviewed the matter and agrees with the Commissioner that Potter failed to timely file her lawsuit. Accordingly, the Complaint will be dismissed.

**I.**

This case involves claims relating to the fallout from the largest social security fraud in the history of the benefits program. The Social Security Administration ("SSA") approved Potter's claim for disability and disability insurance benefits under Titles II and XVI of the Social Security Act on June 11, 2009, finding that she had been disabled since September 11,

2007. [Record No. 1, p. 2] The SSA notified Potter on May 18, 2015, that its Office of the Inspector General had found reason to believe that fraud was involved in her initial application for benefits. [Record No. 14-2, pp. 17-20] The notice indicated that the fraud related to the large-scale scheme of Potter's attorney, the now former-lawyer Eric Conn. [*Id.*] Therefore, redetermination of Potter's application was necessary. [*Id.*; *see also* 42 U.S.C. § 405(u)(1)(A) ("The Commissioner of Social Security shall immediately redetermine the entitlement of individuals to monthly insurance benefits under this subchapter if there is reason to believe that fraud or similar fault was involved in the application of the individual for such benefits . . . .")]

The matter was remanded by the SSA Appeals Council to an administrative law judge ("ALJ") for redetermination regarding whether Potter was disabled from September 11, 2007 to June 11, 2009. [Record No. 14-2, p. 23-27] The assigned ALJ denied the application for benefits on April 6, 2016. [Record No. 14-3, pp. 1-19] The Appeals Council again remanded the matter for further redetermination proceedings on September 13, 2016, after finding that the ALJ's decision was not supported by substantial evidence because it relied upon medical evidence that did not relate to Potter's claims. [*Id.* at pp. 20-22] An ALJ denied Potter's application on August 9, 2017, after a second redetermination proceeding. [Record No. 14-4, pp. 1-19] The Appeals Council then denied Potter's request for review of this decision in a notice dated December 5, 2017. [*Id.* at pp. 20-26]

Potter filed suit to challenge the redetermination procedure underlying the denial of her benefits on September 27, 2019. [Record No. 1] She asserts seven counts against the Commissioner: one count for violation of the Due Process Clause of the Fifth Amendment to the United States Constitution, three counts for violation of the Administrative Procedure Act

(5 U.S.C. §§ 554(d)-(e) and 706(2)(a)), one count for violation of the Appointments Clause of the United States Constitution (Article II, section 2, clause 2), one count for violation of the Federal Vacancies Reform Act (5 U.S.C. § 3345 *et seq.*), and one count alleging that the Commissioner's decision is not supported by the evidence. [Record No. 1] The Commissioner moved to dismiss Potter's Complaint on statute of limitations grounds on February 13, 2020. [Record No. 14]

## II.

Although the Commissioner has offered exhibits outside the pleadings in support of his motion, the Court will construe it as a motion to dismiss rather than a motion for summary judgment. Ordinarily, the Court cannot consider documents outside the pleadings without converting a motion to dismiss to a motion for summary judgment. Fed. R. Civ. P. 12(d); *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011) (citation omitted). "However, a court may consider . . . 'exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein,' without converting the motion to one for summary judgment." *Id.* (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). Further, "[a]ffidavits may be considered so long as 'they add nothing new, but, in effect, reiterate the contents of the complaint itself.'" *Evridge v. Rice*, No. 3: 11-40-DCR, 2011 WL 6014407, at *2 (E.D. Ky. Dec. 2, 2011) (quoting *Yeary v. Goodwill Indus.-Knoxville*, 107 F.3d 443, 445 (6th Cir.1997)).

Here, the records attached to the motion to dismiss [Record Nos. 14-2, 14-3, and 14-4] include the relevant SSA determinations concerning Potter's benefits claim that are referenced in the Complaint and an affidavit attesting to those determinations. They are central to the relief sought in the Complaint because they describe the administrative history underlying the

lawsuit and evidence the administrative procedures that Potter attacks in the Complaint. The documents do not substantively present issues outside those discussed in the Complaint. Accordingly, conversion to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure is unnecessary, and the Court will consider the pending motion as a motion to dismiss for failure to state a claim under Rule 12(b)(6).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading that states a claim to include, "a short and plain statement of the claim showing that the pleader is entitled to relief." A pleading, "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" and survive a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility" that a party is entitled to relief based on the facts it has pleaded. *Id.*

### III.

The Court agrees with the Commissioner that Potter did not file her Complaint within the applicable limitations period and that it should be dismissed absent circumstances that justify tolling. Title 42 of the United States Code, section 405, provides limited jurisdiction for judicial review of Title II disability benefits and Title XVI disability benefits insurance claims in the United States District Courts. 42 U.S.C. § 405(g) (articulating the procedure for judicial review of Title II benefits determinations); 42 U.S.C. § 1383(c)(3) (stating that the Title XVI benefits determinations "shall be subject to judicial review as provided in section

405(g) [of Title 42 U.S.C.] to the same extent as the Commissioner's final determinations under section 405 of [Title 42 U.S.C.]."). Section 405(g) states, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

This sixty-day window for individuals to seek judicial review begins when a claimant receives notice from the SSA Appeals Council that a request for review of a benefits determination has been denied. 20 C.F.R. § 422.210(c); *Cook v. Commissioner*, 480 F.3d 432, 436 (6th Cir. 2007) (agreeing that "the date for filing a Social Security complaint runs from the date that the applicant receives the SSA's denial notice, not from the date of mailing.") (citation omitted). And absent a "reasonable showing to the contrary," the date of receipt of the notice is presumed to be five days after the date of the notice. 20 C.F.R. § 422.210(c); *Cook*, 480 F.3d at 436.

Here, the Appeals Council's notice regarding its denial of a review of the ALJ's second redetermination decision is dated December 5, 2017. Thus, the sixty-day limitations period began on December 10, 2017 and ran until February 8, 2018. Potter concedes that these are the applicable dates for her initial period to file a timely complaint for judicial review of the adverse benefits determination. [Record No. 17, p. 6] The plaintiff filed her Complaint on September 17, 2019. Therefore, it was not filed within the applicable limitations period and must be dismissed absent circumstances that could toll the limitations period. *See Cook*, 480

F.3d at 437-38 (affirming the district court's dismissal of a Complaint that was filed one day after the expiration of the § 405(g) limitations period that was not tolled).

IV.

Potter's Complaint does not benefit from *American Pipe* tolling.

Potter contends that a putative class action in this district involving Conn victims, *Hughes v. Commissioner*, 5: 16-cv-352, tolled her limitations period under *American Pipe & Construction Co., Inc. v. Utah*, 414 U.S. 538 (1974) and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983). In *American Pipe*, the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. at 554. However, that case only concerned the limitations periods of intervening plaintiffs. The Supreme Court later clarified that this rule broadly applies to all "all asserted members of the class, not just [] to intervenors" in *Crown, Cork & Seal*. 462 U.S. at 350 (quoting *American Pipe*, 414 U.S. at 554) (internal quotation marks and citations omitted). "Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied." *Id.* at 354.

As the parties note, multiple putative class actions arose out of Conn's scheme. These included: *Martin v. Colvin*, 7: 15-CV-46 (E.D. Ky. 2015), *Robertson v. Colvin*, No. 3: 16-CV-2113 (S.D. W. Va. 2016) ("*Robertson I*"), *Robertson v. Colvin*, No. 3: 16-CV-3846 (S.D. W. Va. 2016) ("*Robertson II*"), and *Hughes*. The plaintiff concedes that only *Hughes* is potentially relevant to tolling her limitations period [Record No. 17, p. 3 n. 1], as the other three cases were dismissed or had no class-wide claims pending when the SSA Appeals Council issued its final decision in her case on December 5, 2017. *See Martin*, 2015 WL 7202484, at *4 (E.D.

- 6 -

Ky. Nov. 16, 2015) (dismissing the case for lack of jurisdiction), No. 16-5527, Record No. 45-1 (6th Cir. Jan. 16, 2018) (dismissing the appeal as moot); *Robertson I*, 2016 WL 5853725, at *8 (S.D. W. Va. Oct. 5, 2016) (dismissing the case), 694 F. App'x 190 (4th Cir. Aug. 3, 2017) (vacating the district court order and remanding for dismissal of the case due to mootness); *Robertson II*, No. 3: 16-cv-3846, Record No. 32 (S.D. W. Va. Jan. 27, 2017) (amending the complaint to drop the class action claims).

Potter relies on *In re Vertrue Inc. Marketing and Sales Practices Litig.*, 719 F.3d 474 (6th Cir. 2013), in arguing that *American Pipe* tolling stemming from the *Hughes* case makes her complaint timely. [Record No. 17] She contends that this opinion stands for the proposition that a court must "definitively rule on class certification" and "confirm[] it [will] not address the class certification issue" to end the tolling period for putative class members mandated by *American Pipe* and *Crown, Cork & Seal*. [*Id.* at pp. 6-7 (citing *Vertrue*, 719 F.3d at 479-80)]. District Judge (and now Circuit Judge) Thapar, who was initially assigned to *Hughes*, denied a motion to certify the class in that case without prejudice on February 21, 2017, while staying the case pending the outcome of Conn-related benefits redetermination case appeals consolidated in *Hicks v. Commissioner*, 909 F.3d 786 (6th Cir. 2018). *Hughes*, 2017 WL 3000035, at *2 (E.D. Ky. Feb. 21, 2017). Potter argues that because Judge Thapar denied the motion to certify without prejudice while staying the proceeding for this reason, the court did not "definitively rule" on class certification and her limitations period was tolled until District Judge Wilhoit eventually resolved the *Hughes* case on August 13, 2019, forty-five days before she filed suit on September 27, 2019. [Record No. 17]

The Commissioner argues that Potter cannot avail herself of *American Pipe* tolling because the motion for class certification in *Hughes* was denied in February 2017, the fact that

the denial of class certification was without prejudice does not alter the conclusion that the denial of class certification ended the *American Pipe* tolling period, and the plaintiff's claim was not ripe for judicial review until December 2017 – well after *Hughes' American Pipe* tolling period had ended. [Record No. 18] The Commissioner cites multiple cases from other circuits to support the argument that *American Pipe* tolling ends when a motion to certify is denied without prejudice. [*Id.* at pp. 6, 8-9 (citing *Collins v. Coll. of Palatine, Ill.*, 875 F.3d 839, 841, 844, 844 n.1 (7th Cir. 2017); *Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 116 (2d Cir. 2013); *Bridges v. Dep't of Md. State Police*, 441 F.3d 197, 203, 211 (4th Cir. 2006); *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1378-79, 1381-82 (11th Cir. 1998) (*en banc*)).] He further contends that *Vertrue* is inapplicable because no court had denied the motion for class certification in the putative class action that tolled the limitations period in that case. [*Id.* at p. 7 (citing *Vertrue*, 719 F.3d at 479-80).]

The undersigned agrees that *Vertrue* is inapplicable for two reasons. As the Commissioner contends, the Sixth Circuit based its conclusion that *American Pipe* tolling applied to the plaintiffs' claims on the fact that the motion for class certification in the prior related case had not already been denied. *Vertrue*, 719 F.3d at 480 ("Because no court ever denied the motion for class certification in the *Sanford* action, we affirm the district court's conclusion that the plaintiffs' federal claims were timely filed."). These circumstances are distinct from the facts surrounding this case because Judge Thapar denied the motion for class certification in *Hughes*. Additionally, *Vertrue* involved the question of whether a prior class action case with no denial of a motion for class certification tolled the limitations period for putative class members filing *a subsequent class action*. *Id.* at 479-80. Here, there is no subsequent class action, as Potter asserts individual claims.

But another Sixth Circuit case distinguished by *Vertrue*, *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988), does address *American Pipe* tolling for individual claims filed after a district court denied a prior related class action's motion for certification.[1] In *Andrews* the court held that, while *American Pipe* tolled the limitations periods of the individual claims, the tolling period ended when the motion for class certification in the prior suit was denied. *Andrews v. Orr*, 851 F.2d at 149-50, *abrogated on other grounds by Holland v. Florida*, 560 U.S. 631 (2010). Specifically, the court stated:

> It is the filing of a class action and the pendency of a motion to certify that suspend the running of a limitations period for putative class members, and the period for filing begins to run anew when class certification is denied. Nothing less will suffice to maintain the period of suspension.

*Id.* at 150. Even though the plaintiffs in the prior suit had indicated to that district court that they intended to file a second motion for class certification, that notice was insufficient to further toll the limitations periods on the individual claims in *Andrews*. *Id.* at 149-50.

The circumstances surrounding Potter's individual claims are similar to those of the individual claims in *Andrews*. Judge Thapar denied the motion for certification in *Hughes* without prejudice and stayed the case. There was, as Potter asserts [Record No. 17, pp. 7-8], a chance of future class-wide relief after the Sixth Circuit resolved the related issues in *Hicks*.

But just as the notice of intent to file a second motion for class certification did not further toll the individual claims' limitations periods in *Andrews*, the stay of the case and

---

[1] The plaintiffs in *Andrews* also filed subsequent class action claims after the denial of class certification in the prior suit, making it the third class action case concerning the same issues. *Andrews*, 851 F.2d at 147-48. The Court held that *American Pipe* did not toll the limitations periods on these claims. *Id.* at 149. *Vertrue* rejected the idea that *Andrews* established a bright line rule that "*American Pipe* tolling never applies to subsequent class actions by putative class members," but as explained above, that holding is irrelevant to this case involving subsequent individual claims. *Vertrue*, 719 F.3d at 479-80.

potential for future class certification could not toll the limitations period in this case after the motion for class certification was denied. Only a pending motion for class certification may result in *American Pipe* tolling. This conclusion is consistent with *Crown, Cork & Seal's* broad holding that, "once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied" as well as out-of-circuit cases indicating that denials without prejudice end the *American Pipe* tolling period. *Crown, Cork & Seal*. 462 U.S. at 354; *Giovanniello*, 726 F.3d at 116 ("Although none of these [Second Circuit] cases directly addressed the precise scope of *American Pipe* tolling, their language does not lend itself to a conclusion that tolling extends beyond the initial determination of class status in the district court."); *Bridges*, 441 F.3d at 211 ("[T]he Court in *Crown, Cork & Seal* adopted the bright-line rule that the statute of limitations remains tolled for all members of the putative class *until class certification is denied* for whatever reason.") (emphasis in original) (internal quotation marks and citations omitted); *see also Collins*, 875 F.3d at 841 ("We . . . adopt a simple and uniform rule: Tolling stops immediately when a class-action suit is dismissed—with or without prejudice—before the class is certified.").

*Hughes'* putative class members' individual claims were tolled until Judge Thapar denied class certification on February 21, 2017. There were no subsequent motions for class certification. Potter's claims were not ripe for judicial review until December 10, 2017, at the latest. Therefore, none of Potter's claims were tolled under *American Pipe* and *Crown, Cork & Seal*.

Further, as the Commissioner indicates [Record No. 18, p. 10 n. 6], the applicable limitations period for three of Potter's claims could not have been tolled by *Hughes* because they were not alleged by the class plaintiffs in that case prior to the denial of class certification.

Potter asserts two claims for violation of the Appointments Clause and the Federal Vacancies Reform Act as well as one count alleging that the ALJ's denial of her benefits claims was not supported by the evidence. [Record No. 1] These claims were not raised in the amended complaint seeking class relief in *Hughes*. *See Hughes*, 5: 16-cv-372, Record No. 17 (Amended Complaint). Therefore, the limitations period for asserting these claims expired on February 8, 2018, regardless of whether *American Pipe* tolled the limitations period for Potter's other claims. *In re Vertrue Inc. Marketing and Sales Practices Litig.*, 712 F. Supp. 2d 703, 718-19 (N.D. Ohio 2010) (citations omitted); *see also Crown, Cork & Seal*, 462 U.S. at 354 (Powell, J. concurring) ("The [*American Pipe*] rule should not be read, however, as leaving a plaintiff free to raise different or peripheral claims following denial of class status.").

V.

The Court finds that no other grounds justify equitable tolling in this case. *American Pipe* and *Crown, Cork & Seal* do not prescribe the only means of tolling Potter's limitations period, as general equitable tolling principles may apply to toll the sixty-day window of § 405(g). *See Cook*, 480 F.3d at 437 (citing *Bowen v. City of New York*, 476 U.S. 467, 480 (1986)). It is not entirely clear what test is applicable to a general equitable tolling analysis in the social security context. *Compare Cook*, 480 F.3d at 437, *and Andrews*, 851 F.2d at 151, *with Holland*, 560 U.S. at 649, *and Patterson v. Lafler*, 455 F. App'x 606, 609 n. 1. However, it is clear that a social security claimant must demonstrate "that exceptional, or extraordinary circumstances warrant equitable tolling." *Miller v. Commissioner*, No. 5: 18-cv-381-CHB, 2019 WL 6053011, at *3 (E.D. Ky. Nov. 15, 2019). Here, Potter has not demonstrated that exceptional or extraordinary circumstances justify equitable tolling. Nothing prevented her from filing any of her claims in the December 10, 2017-February 8, 2018 window, and

*Andrews* indicates that she should have done so notwithstanding the fact that Judge Thapar denied the motion for certification in *Hughes* without prejudice and stayed the case.

## VI.

Potter's limitations period to file her pending claims ended on February 8, 2018. She does not benefit from *American Pipe* tolling or other general equitable tolling principles. She filed suit on September 29, 2019, and her claims are untimely. The plaintiff cannot plausibly seek relief on the claims alleged in the Complaint. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Commissioner Andrew Saul's motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Record No. 14] is **GRANTED**.

2. Plaintiff Sharon Potter's Complaint is **DISMISSED**, with prejudice. All claims having been resolved, this action is **DISMISSED** and **STRICKEN** from the docket.

Dated: April 3, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky